**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION**

JAMES W. SCOTT,

    Plaintiff,

vs.

ALBERTELLI LAW PARTNERS, LLC et al.,

    Defendants.
_____/

**DISPOSITIVE MOTION**

CASE NO. 0:18-cv-60240-JEM

**DEFENDANTS' MOTION TO DISMISS AND
MOTION TO STRIKE JURY DEMAND**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendants move to dismiss the count asserted against it with prejudice, namely Count I of Plaintiff's complaint [DE 1] and Amended Complaint [DE 9], and moves to strike Plaintiff's jury demand.

**INTRODUCTION**

Plaintiff's misrepresentation claim and FDCPA claim (Count I) against Defendants are meritless. Plaintiff fails to state a claim under the FDCPA against Defendants because the entire FDCPA claim is pled in improper "shotgun" fashion against all Defendants collectively without specifying the conduct of each Defendant that serves as the basis for the FDCPA claim, Plaintiff's FDCPA claim fails to satisfy Rule 8 pleading

1

standards even absent the shotgun-pleading style, Plaintiff fails to allege facts demonstrating that Defendants are a "debt collector" as defined in the FDCPA, and actions taken to foreclose a mortgage are not "debt collection." Plaintiff's "misrepresentation" claim also fails to satisfy the heightened pleading standard under Rule 9(b), fails to satisfy the elements of a misrepresentation claim, and is barred by Florida's litigation privilege. Accordingly, Plaintiff's claims against the Defendants should be dismissed with prejudice. Furthermore, Plaintiff's jury trial demand should be stricken because Plaintiff executed a valid waiver of the right to a jury trial for any claims arising out of his mortgage.

## RELEVANT ALLEGED FACTS

More than a year ago, on May 26, 2017, Defendants filed a foreclosure action against Plaintiff.

### A. The Claim Against Defendants Are Barred By Res Judicata.

Because Plaintiff's misrepresentation claim and FDCPA claim (Count I) against Defendants could have been brought in the underlying foreclosure action, Plaintiff's claims are barred by res judicata. Like the statute of limitations, res judicata may be raised in a motion to dismiss where the defense is apparent

2

on the face of the complaint. *See Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1187 (11th Cir. 2003) (affirming dismissal based on res judicata); *Adeniji v. Fla. State Coll.*, No. 3:14-CV-252-J-34MCR, 2014 WL 5437059, at *3-4 (M.D. Fla. Oct. 24, 2014) (dismissing claim based on res judicata where defense was "apparent from the face of the Complaint"); *Frame v. United States*, No. 3:10-CV-360-J34JRK, 2010 WL 5951969, at *4 (M.D. Fla. Dec. 30, 2010) (dismissing complaint because "it is apparent from the face of the Complaint in the Instant Action that the defense of *res judicata* exists"), *report and recommendation adopted*, 2011 WL 861179 (M.D. Fla. Mar. 9, 2011), *aff'd*, 445 F. App'x 273 (11th Cir. 2011) (per curiam); *Martin K. Eby Const. Co. v. Jacobs Civil, Inc.*, No. 3:05-CV-394-J-32TEM, 2006 WL 1881359, at *11 (M.D. Fla. July 6, 2006) ("A complaint may be dismissed with prejudice if the elements of *res judicata* are apparent on its face."). "The doctrine of res judicata serves an important purpose in the judicial system of this state. The foundation of res judicata is that a final judgment in a court of competent jurisdiction is absolute and settles all issues actually litigated in a proceeding as well as those issues that could have been litigated." *Engle v. Liggett Grp., Inc.*, 945 So. 2d 1246, 1259 (Fla. 2006). Under both state and federal law, res judicata applies where a claim could have been raised in a prior action, between the same parties and the prior

3

action resulted in an adjudication on the merits. *See Davila*, 326 F.3d at 1187; *Frame*, 445 F. App'x at 274; *Youngblood v. Taylor*, 89 So. 2d 503, 505 (Fla. 1956); *Rudner v. Cabrera*, 455 So. 2d 1093, 1095 (Fla. Dist. Ct. App. 1984). "A major function of the doctrine of res judicata is to prevent piecemeal litigation." *Norfolk S. Corp. v. Chevron, U.S.A., Inc.*, 371 F.3d 1285, 1290 (11th Cir. 2004).

Here, it is apparent on the face of the complaint that res judicata applies because Plaintiff alleges that he and the Defendants litigated a foreclosure action. Plaintiff's complaint also questions the enforcement and validity of the note and mortgage. Plaintiff had the opportunity to raise his claims in the foreclosure action, and his claims should have been brought, if at all, as counterclaims in the foreclosure action.[1] The "final judgment [in the state court foreclosure action] is absolute and settles all issues" between the parties. *See Engle*, 945 So. 2d at 1259. Plaintiff cannot now litigate these claims in a separate action.

---

[1] "Failure to raise a compulsory counterclaim results in a waiver of that claim." *Londono v. Turk. Creek*, 609 So. 2d 14, 19 (Fla. 1992). A counterclaim is considered compulsory when it arises "out of the transaction or occurrence that formed the subject matter of the plaintiff's claim." *Id.* (quoting *Yost v. Am. Nat. Bank*, 570 So. 2d 350, 352 (Fla. Dist. Ct. App. 1990)). Here, Plaintiff's claims are based on an alleged misrepresentation that the same foreclosure action would not proceed because a loan modification was imminent, and therefore have a logical relationship to the foreclosure action and arise out of the same transaction or occurrence.

4

### B. The FDCPA Claim, Count I, is Subject to Multiple Independent Bases for Dismissal.

**1. Plaintiff's FDCPA Claim is an Improper Shotgun Pleading.**

Plaintiff improperly alleges his FDCPA claim against all "Defendants" collectively without specifying which conduct is alleged as a basis for asserting the claim against each particular defendant. [DE ¶¶ 19, 23–25.] This is a textbook example of shotgun pleading—which is improper, does not give fair notice of the conduct for which Defendants are being sued, and requires dismissal.  As the Eleventh Circuit has repeatedly explained, a complaint is a shotgun pleading where, as here, it asserts "claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions." *Weilan v. Palm Beach County Sheriff's Office*, 792 F.3d 1313, 1323 (11th Cir. 2015); *see also Magluta v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001) (per curiam) ("The complaint is a quintessential 'shotgun' pleading of the kind we have condemned repeatedly . . . . The complaint is replete with allegations that 'the defendants' engaged in certain conduct,

5

making no distinction among the fourteen defendants charged, though geographic and temporal realities make plain that all of the defendants could not have participated in every act complained of."); *Degirmenci v. Sapphire-Fort Lauderdale, LLLP*, 693 F. Supp. 2d 1325, 1355-56 (S.D. Fla. 2010) ("[T]his Count amounts to a shotgun pleading. In Count X Plaintiff improperly lumps all the Defendants together such that Defendants do not have fair notice of the conduct at issue. . . ."). Such shotgun pleadings fail "to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Weilan*, 792 F.3d at 1323.

 Plaintiff's complaint is no different than those condemned in *Weilan*, *Magluta*, and *Degirmenci*. Due to this pleading defect alone, the FDCPA claim against Defendants should be dismissed for failing to satisfy elementary pleading standards. *See, e.g.*, *Ditomasso v. Holiday

CVS, L.L.C.*, No. 17-CV-60064, 2017 WL 733375, at *2 (S.D. Fla. Feb. 24, 2017) (granting motion to dismiss because complaint was a shotgun pleading and "[f]or this reason alone, the Complaint must be dismissed") *Bentley v. Bank of Am., N.A.*, 773 F. Supp. 2d 1367, 1373 (S.D. Fla. 2011) (dismissing claims because "Plaintiff improperly lumps Defendants together in these claims despite that Defendants are separate and distinct legal entities" and explaining that a plaintiff "must treat each

6

Defendant as a separate and distinct legal entity and delineate the conduct at issue as to each Defendant").[2]

### 2. Plaintiff's FDCPA Claim Fails to Satisfy Rule 8 Pleading Standards.

In addition to pleading in improper "shotgun" fashion, Plaintiff's complaint fails to satisfy basic pleading standards because it merely provides a formulaic recitation of (some of) the elements of a claim under the FDCPA in the vaguest fashion without supporting factual allegations. In his FDCPA count, Plaintiff does little more than provide a block quote of the statute and allege that "Defendants" engaged in debt-collection activity when Plaintiff "asserts that he owes no debt" (a dubious assertion given that Plaintiff alleges a foreclosure judgment was entered against him). [DE 2 ¶¶ 22–25.] It is elementary that Plaintiffs cannot survive a motion to dismiss by only reciting statutory elements without additional facts specific to Defendants that support liability. *Bell Atl. Corp. v. Twombly*,

---

[2] At a minimum, Plaintiff should be required to amend his complaint with a more definite statement that specifies each Defendant's alleged conduct. Rule 12(e) permits a party to "move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." A more definite statement is required here because Plaintiff's complaint fails to specify the allegations in a manner that provides sufficient notice and does not contain enough information to allow a responsive pleading to be framed. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002); *O'Boyle v. Sweetapple*, 187 F. Supp. 3d 1365, 1369 (S.D. Fla. 2016).

550 U.S. 544, 545 (2007) ("[A] a formulaic recitation of the elements of a cause of action will not do.").

### 3. Plaintiff Fails to Establish That Defendants are a "Debt Collector."

Plaintiff fails to state a claim under the FDCPA because he fails to establish that the Defendants are a "debt collector" as defined in the FDCPA. The FDCPA "applies only to debt collectors." *Locke v. Wells Fargo Home Mortg.*, No. 10-cv-60286, 2010 WL 4941456, at *2 (S.D. Fla. Nov. 30, 2010). Thus, an element of a claim under the FDCPA that a plaintiff must plead and prove is that the defendant is a "debt collector" as defined in the FDCPA. *Davidson v. Capital One Bank (USA), N.A.*, 797 F.3d 1309, 1313 (11th Cir. 2015) ("[I]n order to survive Capital One's motion to dismiss, Davidson must plead 'factual content that allows the court to draw the reasonable inference that' Capital One is a 'debt collector' under the FDCPA and therefore liable for the misconduct alleged."); *Reese v. JPMorgan Chase & Co.*, 686 F. Supp. 2d 1291, 1311 (S.D. Fla. 2009) ("In order to plead adequately under the FDCPA, the Plaintiff must sufficiently allege that Defendants are a 'debt collector.'"); *Locke*, 2010 WL 4941456, at *2 ("To establish a claim under the Fair Debt Collection Practices Act ('FDCPA'), a plaintiff must allege and prove that: '. . . (2)

the defendant is a debt collector as defined by the FDCPA . . . .").

The FDCPA defines a "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). Nowhere in the complaint does Plaintiff allege any facts demonstrating that the principal purpose of Defendants' business is debt collection or that Defendants regularly collects or attempts to collect debts owed or due another (nor does Plaintiff even allege these elements in conclusory fashion). Plaintiff's failure to allege any facts establishing that Defendants are a "debt collector" mandates dismissal. *Davidson*, 797 F.3d at 1318 ("Because Davidson's amended complaint does not plausibly allege that Defendants are a 'debt collector' under the FDCPA, we affirm the district court's dismissal of Davidson's amended complaint."); *Duncan v. CitiMortgage, Inc.*, 617 F. App'x 958, 962 (11th Cir. 2015) (per curiam) (affirming dismissal of FDCPA claim because "Appellants failed to allege any facts indicating that any of Appellees were debt collectors as defined in the FDCPA").

### 4. Foreclosing a Loan is Not "Debt Collection."

Plaintiff's FDCPA claim as it relates to Defendants is based on the filing of a foreclosure action after Defendants allegedly misrepresented that a foreclosure would not proceed. Filing a foreclosure action, however, is not "debt collecting" under the FDCPA. *Calarese v. Bayview Loan Servicing, LLC*, No. 17-60747-CIV, 2017 WL 3267932, at *2 (S.D. Fla. July 31, 2017) ("Defendant argues that bringing a foreclosure action does not violate FDCPA because it does not qualify as collection of a debt. The Court agrees."); *Trent v. Mortg. Elec. Registration Sys.*, 618 F. Supp. 2d 1356, 1360-61 (M.D. Fla. 2007) (holding that a mortgage foreclosure action is not "debt collection"), *aff'd*, 288 F. App'x 571 (11th Cir. 2008) (per curiam); *Acosta v. Campbell*, No. 6:04CV761 ORL28DAB, 2006 WL 3804729, at *4 (M.D. Fla. Dec. 22, 2006) (Antoon, J.) ("[M]ortgage foreclosure is not 'debt collecting.'"), *aff'd*, 309 F. App'x 315 (11th Cir. 2009). "Nearly every court that has addressed the question has held that foreclosing on a mortgage is not debt collection activity for purposes of the FDCPA." *Acosta*, 2006 WL 3804729, at *4 (Antoon, J.). Therefore, the FDCPA claim must be dismissed.

### D. Plaintiff's Misrepresentation Claim, Count III, is Subject to Multiple Independent Bases for Dismissal.

### 1. Plaintiff's Misrepresentation Claim Fails to Satisfy Rule 9(b).

10

Plaintiff's misrepresentation claim fails because Plaintiff does not plead the claim with the requisite particularity under Rule 9(b). Plaintiff fails to specify whether his misrepresentation claim is a fraudulent or negligent misrepresentation claim, but either way it is subject to Rule 9(b). *See McGee v. JP Morgan Chase Bank, N.A.*, 520 F. App'x 829, 831 (11th Cir. 2013) (per curiam); *Linville v. Ginn Real Estate Co.*, 697 F. Supp. 2d 1302, 1306 (M.D. Fla. 2010). Plaintiff wholly fails to satisfy the heightened pleading requirements under Rule 9(b). To meet Rule 9(b)'s heightened pleading requirements, a plaintiff must allege:

> (1) precisely what statements were made in what documents or oral representations or what omissions were made, and (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same, and (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud.

*Ziemba v. Cascade Int'l, Inc.*, 256 F.3d 1194, 1202 (11th Cir. 2001) (quoting *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1371 (11th Cir. 1997)). In other words, Plaintiff must "plead the who, what, when, where, and how of the allegedly

11

false statements." *Mizzaro v. Home Depot, Inc.*, 544 F.3d 1230, 1237 (11th Cir. 2008). Plaintiff's complaint does not come close to satisfying Rule 9(b). Notably, Plaintiff fails to allege precisely what statements were made, the time and place such statements were made, or the person responsible for making the alleged statements. Accordingly, Plaintiff's misrepresentation claim must be dismissed.

### 2. Plaintiff Fails to Allege Facts Supporting the Elements of a Misrepresentation Claim.

Regardless of whether Plaintiff intended to plead a claim for negligent or fraudulent misrepresentation, Plaintiff fails to plead facts establishing the elements of either claim.

The elements of a negligent-misrepresentation claim are: "(1) the defendant made a misrepresentation of material fact that he believed to be true but which was in fact false; (2) the defendant was negligent in making the statement because he should have known the representation was false; (3) the defendant intended to induce the plaintiff to rely . . . on the misrepresentation; and (4) injury resulted to the plaintiff acting in justifiable reliance upon the misrepresentation." *Simon v. Celebration Co.*, 883 So. 2d 826, 832 (Fla. Dist. Ct. App. 2004). Absent from Plaintiff's complaint are any facts establishing that Defendants should have known the alleged

12

representation was false or that Defendants intended to induce Plaintiff.

The elements of a fraudulent misrepresentation claim are: "(1) a false statement concerning a material fact; (2) the representer's knowledge that the representation is false; (3) an intention that the representation induce another to act on it; and (4) consequent injury by the party acting in reliance on the representation." *Specialty Marine & Indus. Supplies, Inc. v. Venus*, 66 So. 3d 306, 310 (Fla. Dist. Ct. App. 2011). Plaintiff fails to plead either the knowledge or intent elements of a fraud claim.

Accordingly, Plaintiff's misrepresentation claim must be dismissed regardless of whether it is based on fraud or negligence.

### 3. Florida's Litigation Privilege Bars the Misrepresentation Claim.

Florida's litigation privilege affords absolute immunity to "any act occurring during the course of a judicial proceeding . . . so long as the act has some relation to the proceeding." *Echevarria, McCalla, Raymer, Barrett & Frappier v. Cole*, 950 So. 2d 380, 384 (Fla. 2007) (alteration in original) (quoting *Levin, Middlebrooks, Mabie, Thomas, Mayes & Mitchell, P.A. v. U.S. Fire Ins. Co.*, 639 So. 2d 606, 608 (Fla. 1994)). The

13

"privilege applies across the board to actions in Florida, both to common-law causes of action, those initiated pursuant to a statute, or of some other origin." *Echevarria*, 950 So. 2d at 384. Its purpose is to allow litigation participants to "be free to use their best judgment <u>in prosecuting or defending a lawsuit</u> without fear of having to defend their actions in a subsequent civil action for misconduct." *Levin*, 639 So. 2d at 608 (emphasis added). As with other defenses, the litigation privilege is an appropriate basis for dismissal when its applicability is facially apparent from the complaint. *Jackson v. BellSouth Telecomms.*, 372 F.3d 1250, 1277 (11th Cir. 2004).

Here, Plaintiff's misrepresentation claim is based on Defendant proceeding with a foreclosure lawsuit. Indeed, the alleged harm resulting from the alleged misrepresentation is the entry of a judgment. [DE 2 ¶ 39.] Because Florida's litigation privilege renders Defendant absolutely immune from liability arising from any act taken in the foreclosure proceeding, including filing or proceeding with the litigation, the misrepresentation claim should be dismissed with prejudice. *See Wright v. Select Portfolio Servicing, Inc.*, No. 8:14-CV-2298-T-30TGW, 2015 WL 419618, at *2 (M.D. Fla. Feb. 2, 2015) (dismissing claim based on the filing of a foreclosure action as barred by the litigation privilege); *Davidson v. Capital One, N.A.*, No. 14-cv-20478, 2014 WL 3767677, at *5 (S.D. Fla. July

31, 2014) ("The filing and maintenance of a lawsuit is plainly protected by Florida's litigation privilege . . . .").

To the extent this claim is not otherwise subject to dismissal under the absolute litigation privilege, Florida's *qualified* litigation privilege still applies. Where, as here, an alleged statement is "connected with or related to the subject of inquiry in the underlying lawsuit" the defendant has a qualified litigation privilege that can only be overcome if the plaintiff satisfies its burden of proving the additional element of express malice. *Delmonico v. Traynor*, 116 So. 3d 1205, 1219 (Fla. 2013). Here, the alleged misrepresentation was unquestionably connected with or related to the foreclosure because Plaintiff alleges that Defendants told him that it would not proceed with the foreclosure action due to an imminent loan modification. Yet, Plaintiff fails to allege malice at all. Accordingly, it is apparent from the face of the complaint that at least the qualified litigation privilege bars the claim.

### E. Plaintiff's Jury Demand Should be Stricken.

Plaintiff's mortgage (which is attached to his complaint) contains the following provision:

> **Jury Trial Waiver.** The Borrower hereby waives any right to a trial by jury in any action, proceeding, claim, or counterclaim, whether in contract or tort, at law or in

15

> equity, arising out of or in any way related to this Security Instrument or the Note.

Compl. Ex. B, Mortgage [DE 2-5 at 32] at ¶ 25.

Where, as here, there is no evidence of overreaching or unconscionability, "contractual waivers of the right to a jury trial are enforceable and will be upheld." *Gelco Corp. v. Campanile Motor Srv., Inc.*, 677 So. 2d 952, 952 (Fla. Dist. Ct. App. 1996); *see also Credit Alliance Corp. v. Westland Mach. Co.*, 439 So. 2d 332, 333 (Fla. Dist. Ct. App. 1983) (per curiam). Indeed, courts have upheld jury trial waivers identical to the waiver in Plaintiff's mortgage. *Kinney v. Countrywide Home Loans Servicing, L.P.*, 165 So. 3d 691, 694 (Fla. Dist. Ct. App. 2015).

And the plain language of the jury trial waiver in the mortgage bars a jury trial on Plaintiff's claims. Notably, the waiver applies to any claim "arising out of <u>or in any way related to</u>" the mortgage or the note. Florida courts interpret this language broadly. *See Citigroup, Inc. v. Boles*, 914 So. 2d 23, 25 (Fla. Dist. Ct. App. 2005); *CSE, Inc. v. Barron*, 620 So. 2d 808, 809 (Fla. Dist. Ct. App. 1993); *Beaver Coaches, Inc. v. Revels Nationwide R.V. Sales, Inc.*, 543 So. 2d 359, 362- 63 (Fla. Dist. Ct. App. 1989).

16

Plaintiff's claims are clearly "related to" the mortgage or note, and courts have routinely applied identical jury trial waivers to similar claims. *See, e.g.*, *Barnes v. U.S. Bank N.A.*, 156 F. Supp. 3d 1359, 1361 (N.D. Fla. 2016) ("As the courts did in *Levinson*, *Martorella*, *Newton*, and *Belin*, this court finds that the jury trial waiver provision at issue here is broad enough to reach claims [under the FCCPA] arising from a defendant's attempts to collect amounts due under the mortgage."); *Levinson v. Green Tree Servicing, LLC*, No. 8:14-CV-02120-EAK, 2015 WL 1912276, at *2 (M.D. Fla. Apr. 27, 2015) ("Plaintiffs acknowledge that Defendant's alleged behavior in violation of the FDCPA and FCCPA was due to Plaintiffs' failure to pay as contractually obligated under the same mortgage. Therefore, the dispute giving rise to Plaintiffs' claim exists because of direct relationship with the mortgage which fairly directly relates to contractual performance of the mortgage."); *Martorella v. Deutsche Bank Nat. Tr. Co.*, No. 1280372-CIV, 2013 WL 1136444, at *3 (S.D. Fla. Mar. 18, 2013) (holding claims within the scope of the jury trial waiver because the "FDUTPA and FCCPA claims arise from collection activities for amounts due under the mortgage and note that she executed"); *Belin v. Litton Loan Servicing, LP*, No. 8:06-CV-760-T-24EAJ, 2006 WL 2061340, at *2 (M.D. Fla. July 17, 2006) ("The Court rejects Mr. Belin's argument that his FDCPA and FCCPA claims are not in any way related to the mortgage, and thus not

within the scope of the jury trial waiver provision, since his claims arise from collection activities for amounts due under the mortgage and note that he executed."). Because Plaintiff waived the right to a jury trial, his demand for a jury trial should be stricken.

## CONCLUSION

For the foregoing reasons, the Court should dismiss the claims against Defendants (Count I) with prejudice and strike Plaintiff's demand for a jury trial.

Dated: April 2, 2018

>/s/ Rafael J. Solernou, Jr., Esquire
>Rafael J. Solernou, Jr., Esquire
>Bar Number:  86579
>JAMES E. ALBERTELLI, PA
>P.O. Box 23028
>Tampa, FL  33623
>Telephone: (813) 221-4743
>Fascimile: (813) 221-9171
>Email:    rsolernou@albertellilaw.com
>eService: servealaw@albertellilaw.com
>Attorneys for Defendants

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on April 2, 2018, I electronically filed the foregoing with the Clerk of Court using CM/ECF system, which in turn will serve a copy by electronic mail to all counsel of record and *via* U.S. Mail to James Scott, 3457 Deercreek Palladian Circle, Deerfield Beach, Florida, 33442, *Pro Se* Plaintiff.

> */s/* Rafael J. Solernou, Jr., Esquire
> Rafael J. Solernou, Jr., Esquire
> Bar Number: 86579
> JAMES E. ALBERTELLI, PA
> P.O. Box 23028
> Tampa, FL 33623
> Telephone: (813) 221-4743
> Fascimile: (813) 221-9171
> Email: rsolernou@albertellilaw.com
> eService: servealaw@albertellilaw.com
> Attorneys for Defendants