## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO: 18-CV-60240-MARTINEZ/Snow

JAMES W SCOTT

     Plaintiff,

vs.

ALBERTELLI LAW PARTNERS, LLC,
TRAVIS BAILEY, DONISHA WEIGHTMAN
and JAMES E. ALBERTELLI,

     Defendants          /

FILED BY _____ D.C.

APR 16 2018

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. FT. LAUD.

## PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS AND MOTION TO STRIKE JURY DEMAND

COMES NOW the Plaintiff, James W. Scott, who hereby submits his Response to Defendant's Motion to Dismiss and states as follows:

### BACKGROUND

The matter before the Court is simple. The Defendant's violated the FDCPA by not providing any validation of the Plaintiff's alleged debt after Plaintiff sent Defendants a debt validation request pursuant to 15 U.S.C. §1692 et seq. The Defendant's never responded to Plaintiff's written debt validation request. The violations occurred because of their attempts at collecting the alleged debt without validation. The Plaintiff's claims are clear and to the point in regards to each Defendant's violations and not "shotgun" fashion as Defendants claim. The fact that the Defendant's own website and written correspondence states that they are "debt collectors" is suitable to meet the requirements of the FDCPA. The Plaintiff's pending foreclosure and alleged debt is not in question here. Only the fact as to how it was not validated and the wrongful actions of the Defendants in their attempts to collect an alleged debt. These

claims do not require the pleading standards of Rule 9(b) and since this is a Federal statute and

not a State statute, the attorney's cannot claim litigation privilege. The Defendant's cannot strike

the Plaintiff's jury demand because this case has nothing to do with the Plaintiff's mortgage.

Since Defendant's violated the FDCPA, Plaintiff filed this instant case.

## RELEVANT ALLEGED FACTS

Defendant's claim that on May 26, 2017, Defendants filed a foreclosure action against

Plaintiff. This is completely and utterly wrong. What actually occurred on that date was that

James W. Scott filed a Federal Lawsuit against his mortgage servicer for various violations,

not FDCPA related and not relevant whatsoever with this instant case. Another law firm, not

Defendants, filed a foreclosure law suit against James W. Scott during the month of August 2017

and this also has absolutely nothing to do with this instant case.

## STANDARD OF REVIEW

Courts view Rule 12(b)(6) motions with disfavor. Brooks v. Blue Cross & Blue Shield of

Fla., Inc., 116 F.3d 1364, 1369 (11th Cir. 1997) ("We hasten to add that [a 12(b)(6) motion] is

viewed with disfavor and rarely granted."). A complaint should be upheld if it is "supported by

[a] showing [of] any set of facts consistent with the allegations in the complaint." Bell Atl. Corp.

v. Twombly, 550 U.S. 544, 563 (2007). When considering a motion to dismiss, the court must

construe the complaint in the light most favorable to the plaintiff. Timson v. Sampson, 518 F.3d

870, 872 (11th Cir. 2008). Additionally, when considering a motion to dismiss the court should

consider the plaintiff's allegations as true. Hill v. White, 321 F.3d 1334, 1335 (11th Cir. 2003).

As courts throughout Florida have consistently held, Twombly and Iqbal do not change

the fundamental analysis that a district court engages in when ruling on a motion to dismiss, i.e.,

accepting all plausible allegations as true and determining whether the complaint contains „a

short and plain statement of the claim showing that the pleader is entitled to relief.""" Smith v.

Wm. Wrigley Jr. Co., 663 F.Supp.2d 1336, 1341 n. 3 (S.D. Fla. 2009). The issue for

consideration on a motion to dismiss is not whether the Plaintiff will ultimately prevail, but

"whether the claimant is entitled to offer evidence to support the claims. " Little v. City of

North Miami, 805 F.2d 962, 965 (11th Cir. 1986).

In addition, a motion to dismiss for failure to state a claim must be viewed in

conjunction with and balanced against the general rules of leading; on the one hand, a motion

to dismiss for failure to state a claim should only be granted if, after accepting all well-pleaded

allegations in the Plaintiff's complaint as true, it appears certain that the Plaintiff cannot prove

any set of facts in support of his claim entitling him to relief; on the other hand, under the general

rules of pleading, a complaint need only set forth a short and plain statement of the claim

showing that the pleader is entitled to relief. *Jordan V. Western Distributing Co.,* d. Md. 2003,

286 F.Supp.2d 545, affirmed 135 Fed. Appx. 582, 2005 WL 1009642. Federal Civil Procedure

1773. When complaint is submitted pro se, allegations, however in-artfully pleaded are held to

less stringent standards than formal pleadings drafted by lawyers, and in cases in which a pro se

plaintiff is faced with motion to dismiss, it is appropriate for court to consider materials outside

of complaint to the extent they are consistent with allegations in complaint. *Donhauser v. Goord,*

N.D.N.Y.2004, 314 F. Supp.2d 119. Federal Civil Procedure 1832. Because federal courts

simply require "notice pleading," complaint need not specify correct legal theory nor point to

right statute to survive motion to dismiss. *Illinois Constructors Corp. v. Morency & Associates,*

*Inc.,* N.D.Ill.1992, 802 F. Supp. 185, reconsideration denied. Federal Civil Procedure 1829.

Dismissal for failure to state a claim is not favored by law. *F.D.I.C. v. Harrington*, N.d. Tex.

1994, 844 F.Supp. 300. Federal Civil Procedure 1721. Court is restricted to face of pleadings and

may look only within the four corners of complaint in evaluating motion to dismiss for failure to state a claim. In re Catfish Antitrust Litigation, N.D.Miss.1993, 826 f.Supp.1019. Federal Civil Procedure 1829. Issue on motion to dismiss for failure to state a claim upon which relief can be granted is not whether plaintiffs will prevail, but whether they should be afforded opportunity to offer evidence to prove their claims. *Aguilar V. United Nat. Ins. Co.*, D.Conn.1993,825 F.Supp. 456. Federal Civil Procedure 1721. Pro se complaint, no matter how unartfully pleaded, must survive motion to dismiss for failure to state a claim unless it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Sculthorpe v. Virginia Retirement System,* E.D.Va.1997, 952 F.Supp.307 Federal Civil Procedure 1773.

## ARGUMENT AND AUTHORITIES

### A. The Claim Against Defendants are Barred By Res Judicata

It is dreadfully apparent that Defendants could not have possibly read the Complaint. Surprisingly, Defendant's try to persuade this Court to see things that are not there. Though they make a great dissertation with great case law support in regards to res judicata, they are woefully mistaken in attempting to use this against Plaintiff's claims in this instant case. The Defendant's actually allege that a final judgment has been entered against Plaintiff in his foreclosure action. The sad truth is that the foreclosure action that the Plaintiff is involved with is still "pending" with discovery just beginning. No judgment has been entered against Plaintiff in that foreclosure action so res judicata cannot possibly apply here in this instant case.

### B. The FDCPA Claim, Count I, is Subject to Multiple Independent Bases for Dismissal

### 1. Plaintiff's FDCPA Claim is an Improper Shotgun Pleading

The Defendant's here allege that the Plaintiff's Complaint is an example of a textbook shotgun pleading which is improper, does not give fair notice of the conduct for which

Defendants are being sued and requires dismissal. They cite *Weilan v. Palm Beach County Sherriff's Office,* 792 F. 3d 1313, 1323 (11th Cir. 2015) and *Magluta v. Samples,* 256 F. 3d 1282, 1284 (11th Cir. 2001). Stating that a shotgun pleading consists of claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions. The Weilan case also clearly states "the statement ought to consist precisely of what has to be [proven]; Whatever is irrelevant, whatever is non-essential in statement, ought not be in." The Magluta case only wanted a complaint that "would comply with the "short and plain statement of the claim" requirement of Rule 8 of the F.R.C.P."

Plaintiff referred to all the Defendants collectively to avoid confusion and to comply with Rule 8 of the F.R.C.P. *see* Amended Complaint p. 15. Plaintiff referenced each Defendant's violation with the attached exhibits. *See* Amended Complaint p. 26, 27, 28, 30 and 32. Also cited by Defendant's is Degirmenci v. Sapphire-Fort Lauderdale, LLLP, 693 F. Supp. 2d 1325 1355-56 (S.D. Fla. 2010); Ditomasso v. Holiday CVS, LLC, No. 17-cv-60064, 2017 WL 733375 at *2 (S.D. Fla. Feb. 24, 2017); and Bentley v. Bank of Am., N.A., 773 F. Supp. 2d 1367, 1373 (S.D. Fla. 2011) stating that claims were dismissed because the Plaintiff lumped Defendants together despite them being legal separate and distinct entities. Again, Plaintiff referenced each Defendant's violation with the attached exhibits. According to the Degrimenci case, "A typical shotgun pleading contains several counts, each one incorporating by reference the allegations of its predecessors...." Plaintiff does not have multiple counts that reference this. Also in *Belin v. Litton Loan Serv., L.P.,* 2006 WL 1991410 (M.D. Fla. July 14, 2006) "The employees of a debt collection agency who actually engaged in the allegedly unlawful misconduct and the collection agency itself are jointly and severally liable for the resulting FDCPA violations."

## 2. Plaintiff's FDCPA Claim Fails to Satisfy Rule 8 Pleading Standards.

The Defendant's once again attempt to dissuade the Court that the Plaintiff is arguing his current "pending" foreclosure action in this instant case. *See* Amended Complaint P. 20. The alleged debt is not in question here. Only the fact as to how it was not validated and the wrongful actions of the Defendants in their attempts to collect an alleged debt. The Rule 8 requirement is only a short and plain statement of the claim showing that the pleader is entitled to relief. That is precisely what the Plaintiff has done in this case. Defendant's cite *Bell Atl. Corp . v. Twombly* 550 U.S. 544, 545 (2007) in that they allege Plaintiff used a "formulaic recitation of the elements of a cause of action" and "Plaintiff does little more than provide a block quote of the statute...etc." According to *Kaplan v. Assetcare, Inc.*, 88 F. Supp. 2d. 1355, 1360-61 (S.D. Fla. 2000). "In order to prevail on an FDCPA claim, a plaintiff must prove that (1) the plaintiff has been the object of collection activity arising from consumer debt, (2) the defendant is a debt collector as defined by the FDCPA, and (3) the defendant has engaged in an act or omission prohibited by the FDCPA." The short and plain statements and the exhibits attached to the Amended Complaint do just that.

## 3. Plaintiff Fails to Establish That Defendants are a "Debt Collector."

Right from the start Defendant's attempt to throw confusion into the case by claiming they are not "debt collectors" and that Plaintiff has failed to establish that the Defendants are "debt collectors." First of all, the Plaintiff is not required to prove his case in the pleadings. Second, exhibit 1 from the Amended Complaint clearly shows that they are debt collectors. Third, discovery will reveal more factual proof to prove this fact. Fourth, in every email that Plaintiff has received in addition to every telephone communication, Defendants state that they are debt collectors. There is no sense in arguing the case law that Defendants have introduced in this portion of the argument since the "dunning letter" that Defendants sent Plaintiff [Exhibit

1] clearly is a fact used in conjunction with what Plaintiff alleged in the Amended Complaint. *See p. 7, 8, 9, 10, 11, 12, 13, 14, 16 and 35 of Amended Complaint.* "Definition of a debt collector includes any attorney who engages in debt collection more than a few times a year." Woolfolk v. Rubin, 1990 U.S. Dist. LEXIS 20964 (D. Conn. Feb. 2, 1990); "Law firm which collected debts only 4% of the time was a "debt collector" because such activity was regular and brought law firm within §1692a(6)." Stojanovski v. Strobl & Manoogian, 783 F. Supp. 319 (E.D. Mich. 1992).

### 4. Foreclosing a Loan is Not "Debt Collection."

In this current argument, Defendants again try to bring the Plaintiff's current foreclosure action which is "pending" into this instant case. Plaintiff could not agree more with the case law they chose to support their argument here. Plaintiff agrees that bringing a foreclosure action in itself is not a violation of the FDCPA. However, since it appears that the Defendants are unaware, the Defendants never brought a foreclosure action against the Plaintiff. They clearly must have the Plaintiff confused with another unsophisticated consumer.

### C. (D). Plaintiff's Misrepresentation Claim, Count III, is Subject to Multiple Independent Bases for Dismissal.

1. **Plaintiff's Misrepresentation Claim Fails to Satisfy Rule 9(b). and**
2. **Plaintiff Fails to Allege Facts Supporting the Elements of a Misrepresentation Claim.**
3. **Florida's Litigation Privilege Bars the Misrepresentation Claim.**

Plaintiff is at a loss as to why Defendants have attempted to argue this confusing misrepresentation claim. Plaintiff has combined the first three arguments to conserve space and not waste toner. To start off, Plaintiff does not have a Count III in his Amended Complaint. If the Defendants had read the Amended Complaint, maybe this would be apparent. In order for Rule 9(b) to be the heightened pleading standard to be used for the Plaintiff's Amended

Complaint, Plaintiff must be alleging fraud. Nowhere in Plaintiff's pleadings does he allege fraud has taken place. Accordingly, 15 U.S.C. §1692e(2) is about "falsely representing the character, amount, or legal status of any debt." The FDCPA is a strict liability law and Plaintiff is not required to specify whether Defendants acted fraudulently or negligently. "The FDCPA private remedy is available to "any person" not just consumers. Therefore, the administrator who had received dunning letters regarding a consumer debt had standing to sue under FDCPA." *Riveria v. MAB Collections, Inc.*, 682 F. Supp. 174 (W.D.N.Y. 1998).

In relation to Defendants litigation privilege argument, Plaintiff feels that none of the Defendants have read or even understood Plaintiff's Amended Complaint. Plaintiff needs to point out that this is an FDCPA claim and not a FCCPA claim. All of the case law that Defendant's cite in this argument pertain to the FCCPA including *Davidson v. Capitol One, N.A*., No. 14-cv-20478, 2014 WL 3767677, at *5 (S.D. Fla. July 31, 2014) and *Wright v. Select Portfolio Servicing, Inc.*, No. 8:14-cv-2298-T-30TGW, 2015 WL 419618, *2 (M.D. Fla. Feb. 2, 2015). The FDCPA which is a Federal Statute does not allow attorney litigation privilege as it pertains to debt collection. The FCCPA which is a state statute does and Plaintiff fully agrees with that. "Attorneys who regularly engaged in debt collection litigation were "debt collectors" for the purposes of the FDCPA." ***Addison v. Braud,*** 105 F. 3d 223 (5th Cir. 1997); "The court applied Heinz v. Jenkins holding that an attorney can be a debt collector under the FDCPA, if he regularly engages in consumer debt collection activity." ***Agan v.Katzman & Korr, P.A.***, 2004 WL 555257 (S.D. Fla. Mar. 16, 2014).

## D. (E). Plaintiff's Jury Demand Should be Stricken.

Defendants begin this final argument with more confusion. They state: "Plaintiff's mortgage (which is attached to his complaint) contains the following provision:" Which

complaint? Whose mortgage? Plaintiff is confused because nowhere attached to this instant case is a copy of the Plaintiff's mortgage. Plaintiff is not contesting in any way shape or form a foreclosure. The alleged debt is not in question here. Only the fact as to how it was not validated and the wrongful actions of the Defendants in their attempts to collect an alleged debt. All of the case law that Defendants use in this argument are related to state case claims and the Federal cases cited such as: *Barnes v. U.S. Bank N.A.*, 156 F. Supp. 3d 1359, 1361 (N.D. Fla. 2016); *Levinson v. Green Tree Servicing, LLC*, No. 8:14-cv-02120-EAK, 2015 WL 1912276, at *2 (M.D. Fla. Apr. 27, 2015); *Martorella v. Deutshe Bank Nat. Tr. Co.*, No. 1280372-CIV, 2013 WL 1136444, at *3 (S.D. Fla. Mar. 18, 2013); and *Belin v. Litton Loan Servicing, LP*, No. 8:06-cv-760-T-24EAJ, 2006 WL 2061340, at *2 (M.D. Fla. July 14, 2006) all were cases where the plaintiff's filed law suits against their respective mortgage loan servicers with mainly FCCPA violations involved.

The Defendants in this instant case are not mortgage loan servicers, not parties to the Plaintiff's current mortgage contract (Which is not even in question here) and not being sued for state statutes. "[A] jury waiver is a contractual right and generally may not be invoked by one who is not a party to the contract." *Paracor Fin., Inc. v. Gen. Elec. Capital Corp.*, 96 F.3d 1151, 1166 (9th Cir. 1996); see also *Hulsey v. West*, 966 F.2d 579, 581 (10th Cir. 1992) ("[A] jury waiver provision in a contract affects only the right of the parties to that contract."). Also *see Hamid v. Ocwen Loan Servicing, LLC*, No. 13-62821, 2014 WL 766659 (S.D. Fla. Feb. 26, 2014); *Omega v. Deutsche Bank Trust Co. Ams.*, 920 F. Supp. 2d 1298 (S.D. Fla. 2013); *Williams v. Wells Fargo Bank N.A.*, No. 11-21233, 2011 WL 4901346 (S.D. Fla. Oct. 14, 2011). Where in these cases, the District judges in this current District denied the mortgage servicer's motion to strike a jury trial demand because the servicers were not proper parties to the contract.

As such, the Defendant's request for striking Plaintiff's jury demand are frivolous and should not even be considered.

## CONCLUSION

As has been stated previously, the Defendants have attempted to bring attention to issues far outside the four corners of the Amended Complaint. In so much as Plaintiff is almost sure that Defendants have neither read the Amended Complaint or possibly have introduced some arguments that pertain to another law suit entirely.

**WHEREFORE**, because the Defendants have failed to bring forth any cognizable or legitimate arguments for dismissal before this Honorable Court, Plaintiff respectfully requests the Court DENY Defendant's Motion to Dismiss and allow Plaintiff's claim to move forward to trial on the merits. In the event the Court finds that Plaintiff has failed to state a claim as alleged by Defendants, Plaintiff requests leave of this Court to file an Amended Complaint to cure any deficiencies identified by this Honorable Court.

Dated: April 16, 2018
Respectfully submitted

James W Scott
3457 Deercreek Palladian Circle
Deerfield Beach, Florida 33442
954-540-0408
Jwsscott777@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on April 16, 2018, I filed this foregoing document with the Clerk of

Court and that a copy of this foregoing document is being sent by USPS to those listed on the

below service list.

Dated: April 16, 2018

*[signature]*

James W Scott

## SERVICE LIST

Rafael J. Solernou, Jr., Esq
James E. Albertelli, PA
P.O. Box 23028
Tampa, Fl 33623
Tele: 813-221-4743
Email: rsolernou@albertellilaw.com
       servealaw@albertellilaw.com
Attorney for Defendants