UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-60240-CIV-MARTINEZ/Snow

JAMES W. SCOTT,

Plaintiff,

v.

ALBERTELLI LAW PARTNERS, LLC,
TRAVIS BAILEY, DONISHA WEIGHTMAN,
and JAMES E. ALBERTELLI, PA,

Defendants.
_______________________________________/

**REPORT AND RECOMMENDATION**

THIS CAUSE is before the Court on the Defendants' Motion to Dismiss and Motion to Strike Jury Demand (ECF No. 24), which was referred to United States Magistrate Judge Lurana S. Snow for Report and Recommendation.

**BACKGROUND**

Plaintiff filed this action alleging a single count for violation of the Fair Debt Collection Practices Act, 15 U.S.C.§ 1692 (FDCPA). According to Plaintiff's Amended Complaint, Defendants (two law firms and attorneys employed by one of the firms) entered an appearance in an existing mortgage foreclosure case filed in state court against Plaintiff, ECF No. 9, ¶ 24, and then sent a letter to Plaintiff requiring him to respond within thirty (30) days to dispute the validity of the debt, id., ¶25. Despite Plaintiff's request for validation of the debt, Defendants failed to do so. Id., ¶¶ 29, 31. Plaintiff alleges that Defendants were acting as debt collectors and violated several provisions of the FDCPA: (1) falsely representing the character, amount or legal status of a debt (15 U.S.C. § 1692e(2)); (2) threatening to take an action that cannot be legally taken (§ 1692e(5)), and (3) failing to cease collection efforts (15 U.S.C. § 1692g(B)). Plaintiff's initial complaint included several attachments, which the Court will deem to be attachments to the Amended Complaint, including a letter dated November 28, 2017, from Defendants to Plaintiff, which specifically states

that "this communication is governed by the Fair Debt Collection Practices Act." (ECF No. 1-1, at 2) Plaintiff seeks a trial by jury, and statutory damages and his fees and costs.

Defendants seek dismissal with prejudice, under Rule 12(b)(6), Fed. R. Civ. P., based on, *inter alia*, Florida's litigation privilege, the doctrine of res judicata, the fact that mortgage foreclosures are not debt collections under the FDCPA, and for pleading deficiencies.[1] Defendants also seek to strike the jury demand based on Plaintiff's alleged waiver of a jury trial.

**ANALYSIS**

Federal courts are courts of limited jurisdiction, and are only authorized to preside over cases which meet one of three categories of subject matter: 1) disputes where jurisdiction is granted under a specific statute, 2) disputes involving a federal question presented pursuant to 28 U.S.C. § 1331, or 3) disputes between diverse parties for an amount in excess of $75,000 that meet diversity jurisdiction requirements pursuant to 28 U.S.C.§ 1332(a). PTA-FLA, Inc. v. ZTE USA, Inc., 844 F.3d. 1299, 1305 (11th Cir. 2016). The basis for federal jurisdiction must be evident from the complaint, Community State Bank v. Strong, 651 F.3d 1241, 1251 (11th Cir. 2011) (citations omitted). The FDCPA protects consumers from certain acts by debt collectors, and actions to enforce liability created by the FDCPA may be brought in federal district court. 15 U.S.C.§ 1692k(d); thus, this Court has subject matter jurisdiction if Plaintiff has stated a claim under the FDCPA.

To determine whether Plaintiff has stated a claim, *i.e.*, whether Defendants' motion to dismiss under Rule 12(b)(6) should be denied, the Court first accepts all of the complaint's allegations as true, construing them in the light most favorable to Plaintiff, and then must decide whether Plaintiff has articulated "enough facts to state a claim to relief that is plausible on its face."

[1]On May 9, 2018, default was entered as to Defendant Travis Bailey. As such, the pending Motion to Dismiss is only considered as to Defendants Albertelli Law Partners, LLC, Donisha Weightman, and James E. Albertelli.

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). When evaluating a motion to dismiss under Rule 12(b)(6), exhibits attached to a complaint can be treated as part of the complaint. GSW, Inc. v. Long County, 999 F.2d 1508, 1510 (11th Cir. 1993). Pleadings of a *pro se* litigant, such as Plaintiff, are to be construed liberally. Tannebaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998).

Defendant's Motion to Dismiss argues that Plaintiff's complaint should be dismissed with prejudice, and includes several arguments directed at claims or counts not found in Plaintiff's Amended Complaint. For example, Defendants state that "Plaintiff's Misrepresentation Claim, Count III, is Subject to Multiple Independent Bases for Dismissal." ECF No. 24, at 10. Defendants' brief also refers to Plaintiff's claim of harm due to entry of a judgment, referring to ¶ 39 of ECF No. 2 of this Court's docket. ECF No. 2 of this Court's docket is an entry by the Clerk of Court noting that this case has been assigned to the undersigned. Defendants also seek to strike Plaintiff's jury demand by arguing that "Plaintiff's mortgage (which is attached to his complaint) contains [a jury waiver]." (ECF No. 24, at 15) The Court notes that Plaintiff's mortgage is not attached to his Complaint, nor to his Amended Complaint. Such sloppy drafting by defense counsel wastes this Court's time and demonstrates a lack of professionalism, at a minimum. Despite Defendants' poorly prepared brief, the Court has reviewed the arguments therein that might apply to this case.

To establish a claim under the FDCPA, a plaintiff must demonstrate that he has been the object of a collection activity arising from a consumer debt, that the defendant qualifies as a "debt collector" under the statute, and that the defendant has engaged in a prohibited act or failed to perform a requirement of the FDCPA. Kaplan v. Assetcare, Inc., 88 F. Supp. 2d 1355, 1361-63 (S.D. Fla. 2000). Defendants assert that they are not "debt collectors" under the FDCPA because the filing of a foreclosure action is not "debt collecting" under the FDCPA.

Plaintiff's Amended Complaint sufficiently alleges that he is a consumer, as defined in the FDCPA, and that each of the Defendants is in the business of collecting debts or regularly

collects or attempts to collect debts from consumers (Am. Complaint, ¶¶ 8, 10, 12, 14, 16), and all were acting as debt collectors with respect to the collection of Plaintiff's alleged consumer debt, id., at ¶¶ 18-19. In the Eleventh Circuit, the filing of a mortgage foreclosure action constitutes debt collection activity when the complaint seeks also to collect on the note underlying the mortgage. Reese v. Ellis, Painter, Ratterree & Adams, LLP, 678 F.3d 1211, 1216 (11th Cir. 2012). Actions seeking to collect on a promissory note underlying a mortgage are "clearly encompass[ed]" by the definition of a "debt" in the FDCPA. Id. Plaintiff's pleading states that Defendants sent a letter to Plaintiff, and a review of that letter (Exhibit 1 to Plaintiff's initial pleading) reveals that Defendants were attempting to collect a debt "based upon the terms of the Promissory Note and Mortgage associated with [a loan]." (ECF No. 1-1, at 2) In light of clear precedent in the Eleventh Circuit that efforts to collect on a promissory note are covered by the FDCPA, Defendants' argument is rejected.

Similarly, the Court rejects Defendants' argument that the Plaintiff has failed to allege sufficiently that Defendants are debt collectors. A "debt collector" is defined in the FDCPA as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C.§ 1692a(6). The Supreme Court has held that attorneys who regularly try to obtain payment of consumer debts through legal proceedings can be considered to be regularly attempting to collect such consumer debts, *i.e.*, are "debt collectors" under the FDCPA. Heintz v. Jenkins, 514 U.S. 291, 294-95 (1995) (noting the repeal in 1986 of a prior version of the FDCPA which had included an exemption for attorneys collecting debts on behalf of clients). The FDCPA applies to such attorneys' work in the context of litigation, with the only exception being the formal pleadings prepared by an attorney in connection with a legal action. Miljkovic v. Shafritz and Dinkin, P.A., 791 F.3d 1291 (11th Cir. 2015) (noting that a post-Heinz amendment by Congress exempted pleadings from the types of initial written communications to a consumer that must disclose they are from a debt

collector). As noted above, Plaintiff's Amended Complaint alleges that each Defendant regularly collected or attempted to collect debts. Thus, Plaintiff sufficiently has alleged the first two of three factors required to state a claim under the FDCPA.

To establish the remaining factor of an FDCPA claim, Plaintiff's Amended Complaint need only contain enough factual content to allow a reasonable inference that the Defendants engaged in a prohibited act or failed to perform an act required by the FDCPA. Plaintiff has done so by alleging, *inter alia*, that Defendants failed to cease collection efforts after receiving Plaintiff's dispute and demand for validation, as required by 15 U.S.C.§ 1692g(B). Plaintiff alleges that after he requested validation of the debt, Defendants continued to prosecute the foreclosure case by setting a hearing date, attending a hearing, and by filing a case management conference order. (Am. Complaint, ¶¶ 28, 30, 32, Exhibits 4, 5, 6 to Plaintiff's initial pleading)

Defendants have argued that all of their conduct is protected by Florida's litigation privilege. Defendants are wrong. Plaintiff has alleged a single count in his pleading: violation of the FDCPA, and Florida's litigation privilege does not protect a defendant from liability for violation of the FDCPA. Battle v. Gladstone Law Group, P.A., 951 F. Supp. 2d 1310. 1315-16 (S.D. Fla. 2013), citing Pescatrice v. Robert J. Orovitz, P.A., 539 F. Supp. 2d 1375, 1380 (S.D. Fla. 2008). Moreover, the Court notes with approval Judge Corrigan's observation in the context of an action brought under the Florida statute which is analogous to the FDCPA. "Applying the litigation privilege ... would eviscerate [statutory debt collection protections] and allow attorney debt collectors to avoid liability ... for potentially abusive and harassing collection practices simply by filing a lawsuit before attempting to collect a debt." North Star Capital Acquisitions, LLC, 611 F. Supp. 2d at 1332.

Finally, Defendants argue that Plaintiff's mortgage included a waiver of his right to a jury trial. The mortgage is not attached to the complaint, and Defendants have failed to assert a basis for this Court to consider the mortgage at the dismissal stage. Thus, there is no basis to strike Plaintiff's jury demand.

**CONCLUSION**

As analyzed above, Plaintiff, proceeding *pro se*, has sufficiently alleged a cause of action under the FDCPA as to each of the Defendants. The arguments in Defendants' poorly prepared Motion to Dismiss are rejected. Further, Defendants have failed to establish that there is a basis for striking Plaintiff's jury demand. Based on the above, it is

RECOMMENDED that Defendants' Motion to Dismiss and Motion to Strike Jury Demand be DENIED.

The parties will have 14 days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with The Honorable William P. Dimitrouleas, United States District Judge. Failure to file objections timely shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained therein, except upon grounds of plain error if necessary in the interest of justice. See 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140, 149 (1985); Henley v. Johnson, 885 F.2d 790, 794 (1989); 11th Cir. R. 3-1 (2016).

DONE AND SUBMITTED at Fort Lauderdale, Florida, this 27th day of June, 2018.

Lurana S. Snow

LURANA S. SNOW
UNITED STATES MAGISTRATE JUDGE

Copies to:

All Counsel of Record and Pro Se Parties